non-disability case"). I would not miss that opportunity.

---

**In re A.L., Appellant.**

**No. 00–FS–1541.**

District of Columbia Court of Appeals.

Argued Nov. 20, 2003.

Decided Dec. 11, 2003.

Larry D. Williams for appellant.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Arabella W. Teal, Interim Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel at the time the brief was filed,* and Rosalyn Calbert Groce, Supervisory Corporation Counsel, were on the brief, for the District of Columbia.

Before TERRY, SCHWELB, and GLICKMAN, Associate Judges.

SCHWELB, Associate Judge:

Following a factfinding hearing, A.L., a juvenile, was found guilty of unlawful possession of marijuana. On appeal, he presents a claim of evidentiary insufficiency. We affirm.

Viewed, as it must be, in the light most favorable to the District, *see In re T.M.*, 577 A.2d 1149, 1151 (D.C.1990), the evidence showed that Officer Ralph Shumac of the Metropolitan Police Department (MPD) observed A.L. walking down the street with a shiny object in his hand. Shumac believed that the object was a plastic bag. Upon the arrival of the police, and after making eye contact with Officer Shumac, A.L. detoured down a stairwell towards the locked laundry room of an apartment house, stayed in the stairwell for a few seconds, and then returned to the

---

* Mr. Reischel died after the filing of the brief.

street. Shumac told his partner that A.L. had "put something down or . . . dropped something," [1] and he asked his partner to detain A.L. Officer Shumac then walked to the stairwell to which A.L. had gone, and he recovered from a drainpipe a plastic sandwich bag containing nine smaller bags of marijuana. Asked by the Assistant Corporation Counsel whether the plastic bag was "consistent with" the object that he had seen in A.L.'s hand before A.L. had gone to the stairwell, Officer Shumac answered in the affirmative.[2]

At the conclusion of the factfinding hearing, the judge ruled, in pertinent part, as follows:

Officer Shumac, the [c]ourt finds, went to the area, saw the respondent in an area, saw something shiny in his hand, went to the area, [and] recovered the shiny object from where the respondent was standing. That's the [c]ourt's view on what happened in this case. I think it's a fair inference for me as the finder of fact to say that it was the drugs, that it is the marijuana that's in this case, the marijuana, that's not contested by—as marijuana. In this case, the [c]ourt bases it[s] decision on what happened. One thing that everybody agrees upon, as I've stated before, is that the respondent was stopped. He said hold him until Officer Shumac went to the area, whether he was looking over here or over there, he went to that area and said I found it, place him under arrest. The only conclusion to reach is he went to the laundry room right by there looking for something he had seen.

. . . .

. . . It makes no sense [for] the officer to have stopped [A.L.] and gone to that area unless he saw something there. . . . They saw him go down there. I think I'm comfortable beyond a reasonable doubt that that's what happened, and I find the respondent guilty of possession of marijuana. That's the [c]ourt's ruling.

■■■■ Applying our now-familiar standard of review, and deferring, as we must, to the trial judge's credibility determinations,[3] *see In re T.M.*, 577 A.2d 1149, 1151 (D.C.1990), we conclude that the evidence was sufficient to support the finding of guilt. Officer Shumac had no reason to proceed to the stairwell unless he first saw A.L. go there with suspected contraband in his possession. Immediately after A.L. left the stairwell, Shumac followed him there and found the contraband in the stairwell. The officer testified that the

1. Officer Shumac testified at trial that "visually" he did not see A.L. place the object on the wall, although he did see A.L. "approach that side of the stairwell." In a police form PD–379 which he prepared and signed following the arrest, the officer wrote that "while on routine patrol in the 1200–block of Valley Avenue, SE, members of the MPD observed [A.L.] place a plastic baggie down beside 1233 Valley Avenue, SE." Shumac's attempt to explain the discrepancy, which focused on the term "observed" being very broad, can fairly be described as less than compelling.

2. A.L. testified on his own behalf, and his mother and his girlfriend's sister provided some additional defense testimony. Their accounts differed dramatically from that given by the officers and, if credited, would have exculpated A.L. A.L. and his mother also claimed that the officers told the mother that A.L. would be held until A.L.'s aunt, who was wanted on a bench warrant, surrendered; Officer Folts did not explicitly deny this, and acknowledged that the fugitive aunt was discussed. The judge, however, found that A.L.'s account of his actions "made no sense," and, at least with respect to the defense witnesses' "innocent" version of A.L.'s actions, he evidently did not credit their testimony either.

3. We must so defer notwithstanding the disturbing inconsistency between Officer Shumac's written statement and oral testimony.

bag he found was consistent with, *i.e.*, looked like, the shiny object he had previously seen in A.L.'s possession. The judge was free to credit this testimony, and he was not required to attribute to coincidence the discovery, in the stairwell to which A.L. had hastened upon seeing the police, of a plastic bag resembling the one he had seen in A.L.'s hand.[4]

*Affirmed.*[5]

GLICKMAN, Associate Judge, dissenting:

Officer Shumac found a plastic bag of marijuana hidden in a drainpipe at the bottom of an otherwise empty stairwell that led from the street to the laundry room of an apartment building. What evidence connected this marijuana to A.L.? Only this: (1) Officer Shumac saw A.L. enter the stairwell and spend a few seconds in it; (2) before A.L. entered the stairwell, Officer Shumac saw him (at a distance of some thirty yards) holding "a shiny object which appeared to be a plastic bag"; and (3) the bag of marijuana that Officer Shumac recovered from the stairwell "appear[ed] consistent with" the shiny object that Officer Shumac had seen in A.L.'s hand.

There is a vast gulf between merely proving a thing possible and proving it beyond a reasonable doubt. The evidence in this case showed only that the bag of marijuana found in the drainpipe *could have been* what Officer Shumac saw in A.L.'s hand. *Could have been* falls short of what the prosecution needed to show. While a trier of fact is entitled to draw reasonable inferences from the evidence, a finding that necessarily depends on conjecture or speculation in the absence of evidence cannot stand. *See Curry v. United States*, 520 A.2d 255, 263 (D.C.1987). The trier of fact here could only speculate that what Officer Shumac saw A.L. holding was the bag of marijuana Officer Shumac subsequently found. Evidence to prove those two things were the same was lacking.

To understand what kind of evidence was missing in this case, we need look no further than the government's argument on appeal to this court. In its brief, the government based its sufficiency argument on the assumption that it had established two additional facts at A.L.'s trial. Specifically, the government relied on the suppo-

---

4. We do not believe that the two points emphasized in the dissent warrant reversal. Although Officer Shumac admitted that he did not see the drop, he obviously observed a suspicious movement that persuaded him that there had been a drop. If this were not so, then there would have been no reason for him to make a remark to his partner or for the officers to stop the car. Further, although it is true that the District called no witness to establish that no shiny object resembling a sandwich bag was recovered from A.L.'s person, the circumstantial evidence strongly indicates that no such bag was recovered. To suppose that a potentially shiny bag had been found on the respondent, the judge would have had to believe that the officers deliberately fabricated a case against A.L. and concealed decisively exculpatory information. The judge, who had the opportunity to observe the officers' demeanor, was not obliged to accept such a scenario. Moreover, had the officers meant to engage in such fabrication and to frame A.L., it is most improbable that Shumac would have admitted that he did not "visually see" the drop.

5. A.L. contends that the evidence was insufficient to show that he had "constructive possession" of the marijuana. We do not reach this issue, for the circumstantial evidence showed that A.L. had the marijuana in his *actual* possession before putting it in the drainpipe.

A.L. has included in his appeal a claim that the District failed to prove the chain of custody. He has made no real argument in support of this position, and we do not consider it.

sitions that (1) Officer Shumac saw A.L. put something down in the stairwell, and (2) that A.L. no longer had the "shiny object" in his possession when he left the stairwell. Proof of either supposed fact would have filled the hole in the prosecution case by providing reason to infer that when A.L. went down the stairwell, he stashed the bag of marijuana that Officer Shumac found there. But in actuality, the government proved neither supposition. As the government now concedes, Officer Shumac testified unequivocally that he did *not* see A.L. put anything down in the stairwell.[1] And as the government also now concedes, there is "no support in the testimony" for the proposition that A.L. left the stairwell without the shiny object that Officer Shumac saw him holding before he entered it. "[N]one of the witnesses stated this," the government acknowledges.

Appellate review of the sufficiency of the evidence is deferential, but it is not "toothless." *Rivas v. United States,* 783 A.2d 125, 134 (D.C.2001) (en banc). "We have an obligation to take seriously the requirement that the evidence in a criminal prosecution [or, as here, a juvenile delinquency adjudication] must be strong enough that a jury [or judge] behaving rationally really could find it persuasive beyond a reasonable doubt." *Id.* "Slight evidence is not sufficient evidence; a 'mere modicum' cannot 'rationally support a conviction beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Guesswork is no substitute for proof. In conformance

with these principles, I would reverse A.L.'s delinquency adjudication for insufficiency of the evidence.

---

1. At oral argument, counsel for the government agreed that Officer Shumac's testimony at trial foreclosed any finding that he actually did see A.L. put something down in the stairwell; nor did the trial judge, who credited Officer Shumac's courtroom testimony, make such a finding. For this reason, I think it inappropriate for the majority opinion to cite

and, seemingly, rely upon out-of-court statements to the contrary that Officer Shumac specifically disavowed in his testimony. *See ante* at 679 and n. 1.